OPINION OF THE COURT
Charles E. Ramos, J.
The plaintiff is a not-for-profit corporation which provides schooling for a fee. The defendant Bruce Mellon (Bruce) enrolled his stepdaughter for the school year 1985-1986 and *863 paid a deposit of $350. The balance of the tuition, $6,500, was to be paid in two installments of $3,250 each on September 1, 1985 and January 1, 1986.
The contract of enrollment provided in part: "I understand that I am liable for the full tuition even if the student does not attend the School unless written notice of withdrawal is received by the School on or before June 1,1985”.
The contract is dated February 27, 1985.
No written notice of withdrawal was given to the plaintiff prior to June 1, 1985, rather on September 6, 1985, five days prior to the start of school, the plaintiff was notified by a telephone call from the student’s mother, that her daughter would not attend Hewitt.
The plaintiff moves for summary judgment.
The only opposition from the defendant Bruce is to contend that the provision that requires that the full tuition be paid, regardless of withdrawal, is a liquidated damages provision that is unenforceable as a penalty and that the reasonableness of the damages provision of the contract must be determined at trial.
The general rule is that liquidated damages in an agreement may be recoverable but only in an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. An agreement which fixes an unreasonably large liquidated damage amount is unenforceable on public policy grounds as a penalty.
The Court of Appeals in Truck Rent-A-Center v Puritan Farms (41 NY2d 420 [1977]) set forth criteria for a determination of whether or not liquidated damages were unenforceable as a penalty.
They were:
a) Is the amount plainly disproportionate to the real damage?
b) Is the intention to compel performance rather than to provide fair compensation?
c) Would the promisor be compelled to perform out of economic devastation? and
d) Would the promisee reap a windfall well above the harm sustained?
In the case at bar, all of these questions would be answered in the negative.
*864 AMOUNT OF DAMAGE
The record discloses that the liquidated sum, which represents the student’s tuition, was projected as enrollment income against which plaintiff’s expense budget and faculty employment contracts were based. The plaintiff, a nonprofit institution, purchases books, materials, classroom furniture and makes expenditures for capital improvements based upon its enrollment for the upcoming school year.
By withdrawing the student less than one week prior to the start of school and not paying the tuition as agreed, the defendants are depriving the plaintiff of income against which a budget has already been projected, materials purchased and teachers hired.
The amount of the liquidated damages is not disproportionate to the potential harm to the plaintiff in the event of a breach such as occurred here.
INTENTION
The intention of the contract is twofold, (i) to compensate the plaintiff for actual damages if the student is withdrawn at a time (after June 1) when it is too late to obtain a replacement and (ii) to encourage parents to make a decision with regard to enrollment prior to the time when it would be difficult to obtain a replacement. Generally, a clause intended to compel performance would bear little relationship to the actual damages.
The intention of this contract was to provide compensation.
ECONOMIC DEVASTATION
Economic devastation is not an issue in this case.
WINDFALL
The question of windfall leads to the most troublesome issue in this case. Clearly, if the student was not substituted, there would be no economic windfall, the plaintiff would be compensated, dollar of recovery for dollar of loss.
However, this is a motion for summary judgment. The defendant has requested the opportunity to conduct disclosure, specifically waiting lists of potential students, late enrollment, partial enrollment and the steps, if any, taken by the plaintiff to fill vacant places in the 1985-1986 school year enrollment.
*865 It should be noted, that in light of the very late date of notification, notwithstanding any other factors in this case, the plaintiff would be under no duty to obtain a substitute student. But what if, the defendant asks, the student was replaced and the plaintiff made whole? The recovery of a judgment would then put the plaintiff in the position of profiting by receiving a double tuition.
Although the clause which provides for liquidated damages, which are proportionate to the plaintiff’s reasonably anticipated damages, does not constitute a penalty, are the difficulties of proof of loss such that the plaintiff may rely solely upon the contract provision, not be put to prove its actual loss and may the defendant be denied the opportunity of establishing affirmatively that the plaintiff suffered no damage?
In this regard, it should be noted that the defendant does not dispute the plaintiff’s contention that its anticipated damages were difficult to assess at the time the contract was signed.
It is clear from the cases involving claims for tuitions that liquidated damage clauses have been routinely enforced, but this court is reluctant to rule that they require that the defendant be denied an opportunity to discover facts that would establish a defense.
The plaintiff is entitled to rely upon the liquidated damages provision in light of its reasonableness and the difficulty of assessing the proof of loss at the time the contract was signed but this merely establishes its prima facie case. The defendant should not be prevented from proving, if it be provable, that the plaintiff’s loss was compensated for by some other circumstances. Notwithstanding a liquidated damages clause, a plaintiff must have sustained a loss as a result of the breach. The clause merely shifts the burden upon the defendant to go forward on the sole issue of whether or not the plaintiff was made whole. Failing to satisfy that burden, the plaintiff is entitled to a full recovery.
Accordingly, this motion is granted to the extent that the plaintiff has established its prima facie case, and that the sole issue to be determined is the defendant’s affirmative proof that the student was substituted and that the plaintiff suffered no loss by reason of the breach. The defendant shall be afforded reasonable discovery to establish his defense.
The pleadings shall be deemed amended accordingly.